UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNETTE BLANCHARD, | CASE NO. C18-1754 RSM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| FREMONT INVESTMENT & LOAN, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction, and Declaratory Relief (the "Motion"). Dkt. #2. Plaintiff's Motion was filed contemporaneously with her Complaint, on December 6, 2018. Dkt. #2 at 7. Having considered the Motion and the record and for the reasons set forth below, the Court denies Plaintiff's Motion.

## II. BACKGROUND

This is the fourth time[1] Plaintiff is before this Court suing many of the same Defendants for matters related to her 2005 execution of a promissory note and deed of trust and the possible

---

[1] Plaintiff has one prior case that does not appear to be related. *Blanchard v. Receivables Performance Management LLC*, No. C15-1823BAT (W.D. Wash.).

ORDER – 1

foreclosure of her property. Plaintiff's prior lawsuits were all dismissed in their preliminary stages.

Plaintiff's first action was dismissed for lack of subject matter jurisdiction as she failed to establish diversity or federal question jurisdiction. *Blanchard v. North Cascade Trustee Services Inc.*, No. C16-1544JLR, Dkt. #22 (W.D. Wash. Feb. 16, 2017). Plaintiff's second action was dismissed after the Undersigned found that "Plaintiff has failed to properly effectuate service of process on any and all defendants within 90 days of filing her complaint." *Blanchard v. Fremont Home Loan Trust 2005-D acting Solely for HSBC Bank, USA, NA*, No. C17-415RSM, Dkt. #17 at 2 (W.D. Wash. Feb. 26, 2018). Plaintiff's third action was similarly dismissed for lack of personal jurisdiction on Plaintiff's failure to properly serve defendants. *Blanchard v. North Cascade Trustee Services Inc.*, No. C17-1088MJP, Dkt. #39 (W.D. Wash. Apr. 4, 2018).

Plaintiff has made numerous changes to the fourth iteration of this lawsuit and has substantially altered the factual and legal bases of her claims.[2] *See* Dkt. #1. Additionally, Plaintiff has sought a temporary restraining order contemporaneously with the filing of this action. Dkt. #2. Plaintiff requests that the Court maintain the status quo because her home will otherwise "be sold within the next week and Plaintiff [will be] subject to eviction actions." Dkt. #2 at 1. More specifically, Plaintiff asserts that each of the Defendants, unless restrained, "will sell the property or cause the property to be sold," resulting in "great and irreparable injury, for which pecuniary compensation would not afford adequate relief." Dkt. #2 at 3–4. Plaintiff alleges that she will have "no right to redeem the property from the sale [and] will forfeit the property if the sale takes place as scheduled." Dkt. #2 at 4.

---

[2] As a whole, the Complaint and Motion appear likely to be modified form pleadings. *See* Dkt. #1 at 7–12 (referring to unfiled attachments) and Dkt. #2 at 6 (including bracketed material: "[INSERT ALL EFFORTS IN DETAIL YOU HAVE TAKEN TO CONTACT DEFENDANTS AND PROVIDE NOTICE, ATTACH EMAILS FI (sic) YOU HAVE EMAILED THEM.]").

ORDER – 2

## III. DISCUSSION

**A. Legal Standard for Issuing Temporary Restraining Order Without Notice**

A federal court may issue a TRO "without written or oral notice to the adverse party" only if "specific facts in an affidavit . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the moving party "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Within this District, "[m]otions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

**B. Legal Standard for Issuing Temporary Restraining Order**

The standards for issuing a TRO are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995). The Ninth Circuit articulated:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

*Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The speculative risk of a possible injury is not enough; the threatened harm must be imminent. *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ. P. 65(b)(1)(A).

The Ninth Circuit has recently reiterated that courts analyzing TRO requests are guided by four questions:

ORDER – 3

'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434). 'The first two factors . . . are the most critical,' *Nken*, 556 U.S. at 434, and the last two steps are reached '[o]nce an applicant satisfies the first two factors.' *id.* at 435.

*State of Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017).

### C. The Court Will Not Grant Plaintiff's Motion

#### a. Plaintiff Cannot Satisfy the Requirements for a TRO Without Notice

Plaintiff does not provide any proof that she has served her Complaint or Motion upon any of the Defendants. Dkt. #2. Likewise, Plaintiff cannot meet either of the requirements for the Court to issue a TRO without notice to the Defendants. The allegations of Plaintiff's Motion do not demonstrate "immediate and irreparable injury, loss, or damage" that will occur prior to Plaintiff providing proper notice. Plaintiff has been pursuing this action for close to three years. Further, she provides no indication of when the foreclosure may actually occur. Plaintiff indicates that the foreclosure will occur "within the next week." Dkt. #2 at 1. But the Motion is dated by Plaintiff "October 31, 2018," meaning that the sale either already occurred or was postponed to a later, unknown date.

Plaintiff also does not provide any certification of "efforts made to give notice and the reasons why it should not be required." Plaintiff does not indicate that she has or will serve a copy of her Complaint or Motion on Defendants. The complete failure to address the issue is further compounded by Plaintiff's repeated failures to properly serve Defendants in prior actions.

#### b. Even With Notice, Plaintiff's Motion Should Be Denied

Even if Plaintiff had provided notice, her Motion would not establish a sufficient basis for entry of a TRO. Plaintiff fails to demonstrate a likelihood of success on the merits. Plaintiff

ORDER – 4

provides no legal argument in support of her position and her primary factual allegations appear to be that the terms of the loan were misleading and that the defendant underwriting the loan approved her for a loan that she would not ultimately be able to afford. Dkt. #2 at 4. Plaintiff merely asserts that "Plaintiff alleges and supports through affidavits and exhibits, causes of action against Defendants that will show Defendants do not have any legal right to foreclose on Plaintiff's Real Property." Dkt. #2 at 5–6. Especially without notice and an opportunity for Defendants to be heard, Plaintiff has not demonstrated a sufficient likelihood of success.

Plaintiff also does not demonstrate irreparable harm. Plaintiff argues that "Plaintiff's home is unique and non-fungible" and "is where memories, both good and bad are made." Dkt. #2 at 5. Putting aside the general nature of Plaintiff's arguments, she does not explain why the resulting injury would be irreparable and why it could not be undone or adequately compensated. Further, and as noted above, Plaintiff Motion is unclear as to whether the foreclosure has already happened or when in the future it will occur. *See Caribbean Marine Servs. Co.*, 844 F.2d at 674 ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."). Further still, Plaintiff offers no explanation of why she could not have sought the relief requested on a nonemergency basis and after providing prior notice at some point during the almost three years she has been pursuing this dispute.[3]

///

///

///

---

[3] Having determined, for a multitude of reasons, that Plaintiff is not entitled to a TRO, the Court need not weigh any remaining considerations. *State of Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017). Further, even under the Ninth Circuit's alternative test for injunctive relief—that a movant has shown serious questions are raised and the balance of hardships tips sharply in its favor—the Court would reach the same conclusion for the same reasons.

ORDER – 5

## IV. CONCLUSION

Accordingly, having reviewed Plaintiff's Motion and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction, and Declaratory Relief (Dkt. #2) is DENIED.

Dated this 7th day of December 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6