UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNETTE BLANCHARD, | Case No. C18-1754RSM |
| Plaintiff, | ORDER GRANTING DEFENDANTS' VEXATIOUS LITIGANT BAR ORDER AND MOTION TO DISMISS |
| v. | |
| FREMONT INVESTMENT & LOAN, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Vexatious Litigant Motion against Plaintiff Annette Blanchard, Dkt. #9, and Motion to Dismiss, Dkt #10. Defendants HSBC Bank, USA, National Association, as Trustee for Fremont Home Loan Trust 2005-D, Mortgage-Backed Certificates, Series 2005-D ("HSBC") (erroneously named as HSBC Bank USA, National Association) and Mortgage Electronic Registration Systems, Inc. ("MERS") (not listed in the caption but identified as a defendant in the body of the complaint) (hereafter collectively "Defendants") request this Court enter a vexatious litigant order barring Plaintiff from filing any further actions against Defendants without first obtaining leave from the Court. At the same time, Defendants move for dismissal of this case. Plaintiff Blanchard has failed to oppose either of these Motions. For the reasons stated below, the Court GRANTS these Motions.

ORDER GRANTING DEFENDANTS' MOTION FOR VEXATIOUS LITIGANT ORDER AND MOTION TO DISMISS - 1

## II. BACKGROUND

Ms. Annette Blanchard ("Plaintiff"), is the vested owner of the real property located at 5412 25th Avenue South, Seattle, WA, 98108. Dkt. #10-2 (Request for Judicial Notice, "RJN"), ¶19.[1] Plaintiff is the borrower in default under the terms of the Deed of Trust ("DOT") recorded on August 31, 2005, under King County Auditor's file no. 20050831003848. *See* RJN at ¶¶ 1, 4, 6, 9, 11, and 18.

As a result of Plaintiff Blanchard's default on a loan, the first trustee's sale was scheduled for June 28, 2013. RJN at ¶ 4.

On June 26, 2013, just two days before the scheduled sale, Plaintiff filed for protection under Chapter 7 of the United States Bankruptcy Code in the Western Washington Bankruptcy Court ("2013 BK"). RJN at ¶ 5. This bankruptcy was dismissed less than two months later on August 2, 2013, for Ms. Blanchard's failure to appear at the meeting of the creditors. *Id.*

The second trustee's sale was scheduled for September 26, 2014. RJN at ¶ 6.

On September 24, 2014, two days before the scheduled sale date, Plaintiff filed for protection under Chapter 7 of the United States Bankruptcy Code in the Western Washington Bankruptcy Court ("2014 BK"). RJN at ¶ 7. This bankruptcy was terminated without discharge on January 7, 2015, for failure to submit certification. *Id*.

The third sale date was scheduled for October 21, 2016. RJN at ¶ 9.

On October 3, 2016, Plaintiff filed a civil action with this Court under Case no. 16-cv-01544-JLR ("2016 Action"). RJN at ¶ 10. Plaintiff named as Defendants North Cascade Trustee Services, Inc. ("North Cascade"); HSBC; Ocwen; Litton Loan Servicing, LP ("Litton"); Fidelity National Title Company of Washington DBF Fremont Investment and Loan ("Fidelity"); and Mortgage Electronic Registration Systems, Inc. ("MERS"). *Id.* After the

---

[1] Exhibits on which the Request for Judicial Notice relies can be found at Dkt. #10-3.

court dismissed the action for lack of subject matter jurisdiction with leave to amend, the Plaintiff filed an amended complaint that failed to fix the errors in her original complaint. *See* 16-cv-01544-JLR, Dkt. #22. The 2016 Action was dismissed on February 16, 2017. *Id.*

On March 15, 2017, Plaintiff filed another civil action with this Court under Case no. 17-cv-00415 RSM ("March 2017 Action"). RJN at ¶12. The March 2017 Action is identical to the 2016 Action, except that Plaintiff attempted to not name HSBC but instead the Fremont Home Loan Trust and did not name North Cascade to obtain diversity jurisdiction. Plaintiff failed to serve any party, once again failed to establish the Court's subject matter jurisdiction, and failed to file a timely opposition to Defendants' Motion to Dismiss. Case no. 17-cv-00415 RSM, Dkt. #17. The March 2017 Action was dismissed, with prejudice on February 26, 2018. *Id.*

The fourth sale date was scheduled for July 28, 2017 but postponed to September 1, 2017. RJN at ¶ 11.

On July 18, 2017, Plaintiff filed another civil action with this Court under Case no. 17-cv-01088-MJP ("July 2017 Action"). RJN, at ¶ 14. The July 2017 Action is identical to the 2016 Action and the March 2017 Action. Again, Plaintiff failed to serve any party and failed to establish a federal law or statute upon which to base her claims. The July 2017 Action was dismissed with prejudice on April 4, 2018. Case no. 17-cv-01088- MJP, Dkt. #39. In that Order, Judge Pechman stated:

> A review of Plaintiff's complaint reveals a complete absence of any factual allegations that would comprise the basis for a valid federal claim. Plaintiff's amended complaint is simply a recitation of legal conclusions based on her belief that Defendants have somehow harmed her. As in her previous lawsuits, she has provided no facts from which a court could conclude that her conclusions are correct and actionable.

ORDER GRANTING DEFENDANTS' MOTION FOR VEXATIOUS LITIGANT ORDER AND MOTION TO DISMISS - 3

*Id.*

On August 31, 2017, just one day before the scheduled sale date, Plaintiff filed for protection under Chapter 13 of the United States Bankruptcy Code in the Western Washington Bankruptcy Court ("2017 WA BK"). However, Plaintiff modified her name and used a different social security number with this filing, likely in an attempt to prevent being flagged as a repeat filer. This bankruptcy was dismissed on November 2, 2017, with an order barring Plaintiff from filing again for 2 years. RJN, at ¶ 13.

On November 1, 2017, just two days before the postponed sale date from the Fourth NOTS, Plaintiff again filed for bankruptcy ("2017 MI BK"). Plaintiff again modified her name and used a false social security number. However, this time she filed in the Eastern District of Michigan. This bankruptcy was dismissed on November 9, 2017, for failure to file information. RJN at ¶ 15.

On April 20, 2018, Plaintiff filed another civil action with this Court under Case no. 18-cv-581-RSL ("April 2018 Action") which was identical to the three prior federal actions, the last two of which were dismissed with prejudice. In the April 2018 Action, Plaintiff only named North Cascade, HSBC, and Ocwen. Additionally, Plaintiff changed her name to "Annete Blanchird" in the filing. RJN at ¶ 16.

On April 23, 2018, Defendants sent a "Demand for Immediate Dismissal and CR 11 Notice" to Plaintiff via regular and Certified Mail. Defendants provided Plaintiff until May 7, 2018, to dismiss the April 2018 Action. No response was received. Declaration of Laura Coughlin ("Coughlin Dec."), ¶¶ 6-7.

ORDER GRANTING DEFENDANTS' MOTION FOR VEXATIOUS LITIGANT ORDER AND MOTION TO DISMISS - 4

On May 30, 2018, this Court dismissed Plaintiff's April 2018 Action with prejudice. Case no. 18-cv-581-RSL, Dkt. #6. That dismissal was based in part on a finding of frivolousness. *See* Case no. 18-cv-581-RSL, Dkt. #3.

On June 7, 2018, Plaintiff filed a Notice of Appeal with the Ninth Circuit Court of Appeals under case no. 18-35494. On August 14, 2018, the Ninth Circuit Court of Appeals dismissed Plaintiff's Appeal for failure to prosecute. RJN at ¶ 17.

On August 13, 2018, Defendant HSBC filed a judicial foreclosure action against Plaintiff in the King County Superior Court under case no. 18-2-20326-1SEA ("Foreclosure Action"). RJN at ¶ 18. To date, Plaintiff has not filed a notice of appearance or otherwise responded to the Judicial Action. *Id*.

On December 6, 2018, Plaintiff filed this action against Fremont Investment & Loan; Wells Fargo Bank, N.A.; Fremont Mortgage Securities Corporation; HSBC; "Issuing Entity Trust Fremont Home Loan Trust 2005-D"; and Does 1-100 Inclusive. This complaint appears to be a form complaint used by many other parties in these types of actions. *See* Dkt. #9 at 6–7. The allegations and the facts surrounding those allegations are the same as those in all of Plaintiff's prior actions. Plaintiff has apparently failed to serve Defendants in this case.

### III. DISCUSSION

**A. Motion to Dismiss**

Defendants request this Court dismiss Plaintiff's complaint pursuant to FRCP 12(b)(2) for lack of personal jurisdiction due to lack of service; FRCP 12(b)(5) for insufficient service of process; and FRCP 12(b)(6) because the complaint fails to state a claim upon which relief can be granted. Plaintiff has failed to respond to this Motion.

The Court considers Plaintiff's failure to timely file an opposition to this Motion as an admission that the Motion has merit. See LCR 7(b)(2). This failure to respond is consistent with Plaintiff's prior litigation history above.

The Court finds Defendants have established that Plaintiff has again failed to properly effectuate service of process on Defendants within 90 days of filing her complaint and therefore this Court lacks personal jurisdiction. Plaintiff has failed to establish good cause for the delay. Defendants have also established that the Complaint fails to state a claim upon which relief can be granted given the Court's prior dismissal of her claims with prejudice. *See* Dkt. #10 at 8-15. Considering Ms. Blanchard's prior record with this Court, it is clear that amendment cannot cure the defects, and the Court declines to grant further leave to amend. *See Lucas v. Dep't of Corr.*, 66 F. 3d 245, 248 (9th Cir. 1995). This case will be dismissed with prejudice.

**B. Request for Vexatious Litigant Order**

The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such pre-filing orders are an extreme remedy that should rarely be used. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts. *Id.* (citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3, at 698 (3d ed. 2004)). A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances. *Id.* Nevertheless,

"flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* There are four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered; second, the district court must compile an adequate record for review; third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and fourth, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id*. The relevant record for review includes prior complaints and related filings and orders. *See id.* at 1059.

Defendants argue that Ms. Blanchard has received proper notice by service of this Motion. Dkt. #9 at 8. The Court agrees that Ms. Blanchard has received proper notice and a chance to be heard on this Motion.

Next, Defendants contend that the Court has an adequate record for review, citing the above facts based on this Court's records and other records for which this Court may take judicial notice. *Id*. The Court agrees. *See Molski*, 500 F.3d at 1059 ("[a]n adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.")

Third, Defendants contend that the record supports a finding that Ms. Blanchard's litigation efforts have been frivolous and harassing. To evaluate a party's actions, courts in the Ninth Circuit often consider five factors: (1) the party's "history of litigation" and any duplicative or harassing suits; (2) whether the party has an objective good faith expectation of prevailing; (3) whether the party is represented by counsel; (4) whether the party has caused "needless expense" to others or posed an unnecessary burden on the courts; and (5) whether

other sanctions would provide adequate protection. *Molski*, 500 F.3d at 1058. The Court has reviewed the extensive record and finds that each of these elements supports Defendants' requested relief. Ms. Blanchard's five federal lawsuits constitute a substantial amount of duplicative litigation. Each lawsuit was dismissed after Ms. Blanchard failed to serve, adequately amend her pleading, or respond to briefing, leading to the firm conclusion that the lawsuits were filed to delay foreclosure rather than filed in good faith to seek substantive relief from the Court. This conclusion is bolstered by Ms. Blanchard's four deceptive attempts at declaring bankruptcy to prevent the foreclosure. Ms. Blanchard's use of bankruptcy, federal lawsuits, and appeal to delay foreclosure demonstrate a certain sophistication with the legal system; she is not simply confused about prior court orders. Defendants have submitted adequate evidence of needless expense based on Ms. Blanchard's lawsuits. *See* Coughlin Dec. at ¶ 9. The Court also finds that Ms. Blanchard has posed an unnecessary burden on federal district and bankruptcy courts. The Court believes that no other sanction would provide adequate protection; Ms. Blanchard is likely unable to pay monetary sanctions given her longstanding default status and the foreclosure of her property.

Finally, Defendants adequately demonstrate that their requested vexatious litigant order is appropriately tailored. *See* Dkt. #9 at 12. This order will only bar Ms. Blanchard from suing *these* Defendants concerning *this* property, not lawsuits brought for other reasons or against other parties.

Given all of the above, and seeing no opposition from Ms. Blanchard, the Court will enter Defendants' proposed vexatious litigant order.

## IV. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss, Dkt. #10, is GRANTED. This case is dismissed with prejudice.

2) Defendant's Vexatious Litigant Motion, Dkt. #9, is GRANTED. Plaintiff Annette Blanchard is barred from filing any future actions against Defendants, their associated entities, and agents; relating to the origination, servicing and foreclosure of Plaintiff's real property located at 5412 25th Avenue S., Seattle, WA 98108, without first obtaining an order from this Court permitting her to do so. If Ms. Blanchard fails to comply with the conditions of this Order, she may be subject to sanctions from this Court.

3) This case is CLOSED.

4) The Court directs the Clerk to mail a copy of this Order to Plaintiff at 5412 25th AVE S, SEATTLE, WA 98108.

DATED this 2 day of April 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE